Citation Nr: 1508815 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 09-30 319 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania


THE ISSUE

Entitlement to a disability rating in excess of 40 percent from November 3, 2007 to April 14, 2010, and in excess of 20 percent from April 15, 2010 for a back disability.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESSES AT HEARING ON APPEAL

The Veteran and his wife


ATTORNEY FOR THE BOARD

S. Delhauer, Associate Counsel
INTRODUCTION

The Veteran served on active duty from June 1975 to June 1995.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from February 2008 and April 2011 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania.

In the April 2011 rating decision, the RO granted an increased evaluation to 40 percent for the period beginning November 3, 2007, while indicating that the then-extant 20 percent evaluation would be back in effect on April 15, 2010. Relevant to this determination, in Singleton v. Shinseki, 23 Vet. App. 376 (2010), the United States Court of Appeals for Veterans Claims (Court) held that the provisions of 38 C.F.R. § 3.344 regarding rating reductions were not applicable until the ratings had been in effect for the requisite period of time, noting that nothing in the plain text of the regulation requires its application in the staged disability rating context. The Court further observed that the purpose behind 38 C.F.R. § 3.344 is to protect a veteran, reliant on his or her disability compensation, from an arbitrary reduction of his or her disability rating. Where benefits are reduced retrospectively in the staged disability ratings context, there is no danger that a veteran will be deprived of income that he or she is accustomed to using to meet day-to-day expenses. Accordingly, the sole issue on appeal is the increased rating question, not any question of reductions.

In July 2013, the Veteran and his wife testified at a hearing in Washington, D.C. before the undersigned Acting Veterans Law Judge. A transcript of the hearing is contained on the Virtual VA paperless claims processing system.

This matter was remanded by the Board in July 2014 for further development.

This is a paperless file located on the Veterans Benefits Management System (VBMS). Documents contained on the Virtual VA paperless claims processing system also include VA treatment records from the Philadelphia VA Medical Center dated October 2007 to September 2012; other documents are duplicative of the evidence of record, or are not relevant to the issue currently before the Board.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

Unfortunately, for reasons explained immediately below, the Board again finds that a remand is necessary to ensure compliance with the Board's prior remand instructions. See Stegall v. West, 11 Vet. App. 268 (1998).

In the July 2014 remand, the Board instructed the AOJ that after any outstanding pertinent treatment records were obtained, and after the Veteran was afforded another VA examination, the AOJ was to readjudicate the Veteran's claim. The Board specifically requested that the AOJ consider the applicability of 38 C.F.R. § 3.321(b), extraschedular evaluations. The Board notes that the Veteran has reported, and the evidence indicates, that the Veteran has missed extensive time from work due to flare-ups of his back disability. See August 2014 VA examination report; July 2013 Central Office hearing testimony; April 2013 Certification of Health Care Provider for Employee's Serious Health Condition (Family and Medical Leave Act); September 2012 VA examination report; July 2012 wife's statement; February 2009 notice of disagreement; April 2008 submission of Requests for or Notifications of Absences from the USPS; February 2008 VA examination report. However, in the December 2014 supplemental statement of the case, the AOJ did not discuss whether referral for extraschedular evaluation of the Veteran's service-connected back disability under 38 C.F.R. § 3.321(b) was warranted, despite the Board's instruction to do so in the prior remand. Therefore, the Board must remand the matter to ensure compliance with its July 2014 remand directive.

Further, although no response was received to the July 2014 letter asking the Veteran to identify any outstanding pertinent treatment records, the Board notes that the evidence of record indicates there are outstanding treatment records from the Veteran's private physician, Dr. C.M., at Regional Medical Associates. In the April 2013 Certification of Health Care Provider for Employee's Serious Health Condition (Family and Medical Leave Act) completed by Dr. C.M., he notes that he treated the Veteran for his back disability in October 2009, January 2011, May 2011, and September 2012. Currently treatment records from Dr. C.M. dated up to April 2009 are of record. As this matter is being remand to ensure compliance with the Board's prior directives, on remand, the AOJ should again make appropriate efforts to obtain any outstanding treatment records, to include from Dr. C.M.

Accordingly, the case is REMANDED for the following action:

1. The AOJ should ask the Veteran to identify any private treatment for his back disability, and to complete a current VA Form 21-4142 for the release of his treatment records from Dr. C.M. at Regional Medical Associates, as well as for any other pertinent private providers. The AOJ should undertake appropriate development to obtain the Veteran's outstanding treatment records pertinent to his claim, particularly treatment records from Dr. C.M. dated from April 2009 to the present. The Veteran's assistance should be requested as needed. All obtained records should be associated with the evidentiary record.

The AOJ must perform all necessary follow-up indicated. If the records are not available, or a negative response is received, the AOJ should make a formal finding of unavailability, advise the Veteran and his representative of the status of his records, and give the Veteran the opportunity to obtain the records on his own.

2. The AOJ should obtain any outstanding VA treatment records. Any obtained records should be associated with the evidentiary record.

3. After the above development has been completed, and any obtained records have been associated with the evidentiary record, the AOJ should consider whether a referral to the Director of Compensation and Pension Service for an extraschedular evaluation is warranted.

4. If the appeal remains denied, the AOJ should provide the Veteran and his representative with a supplemental statement of the case that addresses whether an extraschedular evaluation is warranted, and return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
A. C. MACKENZIE
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).